**Harold H. EGGERS, Plaintiff,**

v.

**The UNITED STATES of America, the Federal Aviation Administration, Department of Transportation, and William A. Hankins, individually, Defendants.**

Civ. A. No. 78–HC–1200.

United States District Court,
D. Colorado.

June 22, 1981.

Guy M. Heyl, Heyl, Bostrom & Musyl, Denver, Colo., for plaintiff.

Joseph Dolan, U. S. Atty., by Roland J. Brumbaugh, Asst. U. S. Atty., Denver, Colo., for defendant, U. S.

Allan H. Horowitz, Aurora, Colo., for defendant, F.A.A.

CHILSON, Senior District Judge.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

This is an action brought pursuant to 28 U.S.C. § 1361, in the nature of mandamus to compel the Federal Aviation Administration, an agency of the United States, to reinstate the plaintiff to the position of Sector Manager at the Longmont facility of the Federal Aviation Administration from which he was removed in June 1975. The trial was had to the Court.

### STATEMENT OF ISSUES

Prior to June 1975, plaintiff was employed by the Federal Aviation Administration (FAA) as a Sector Manager at the FAA facility in Longmont, Colorado.

In June 1975, plaintiff's superior, William A. Hankins, demoted the plaintiff in grade and assigned him to Aurora, Colorado, as Assistant Sector Manager.

Plaintiff appealed this action to the Federal Employees Appeals Authority (Authority) which ordered the demotion and reassignment cancelled. In March 1976, the Appeals Review Board of the United States Civil Service Commission affirmed the decision of the Authority.

The 1975 demotion and assignment were cancelled in March 1976, whereupon Hankins, instead of reinstating plaintiff to his former position as Sector Manager at Longmont, reassigned plaintiff to Aurora as Special Assistant to the Chief of Operations and shortly thereafter reassigned plaintiff to Great Falls, Montana, as a Sector Manager.

Plaintiff protested these last two assignments, insisting that by virtue of the cancellation of the 1975 assignment, he was entitled to reinstatement to his former position as Sector Manager at Longmont.

In opposition to plaintiff's contention, the defendants state at page 11 of its brief in support of defendant's motion for summary judgment:

"Paragraph 301 of the FAA Handbook 3330.9, Internal Placement, prescribes the policy and procedure regarding administrative reassignment and relocation. The FAA may administratively reassign and relocate any employee without loss in grade or salary from one position, organization, or geographic location to another, when such action has been demonstrated to be in the best interests of the Agency. In reaching such a determination, the agency must assure that administrative reassignment and relocation are not arbitrary, capricious, or unreasonable and that the decision is based on sound management considerations."

The issues in this case are whether or not the reassignments of plaintiff in 1976 to Aurora and later to Great Falls, Montana, were "arbitrary, capricious, or unreasonable", and whether or not the decisions for such reassignments were "based on sound management considerations."

### FINDINGS OF FACT

After approximately fifteen years of employment by the FAA at various locations, the plaintiff in 1970 was assigned the position of Sector Manager at the Longmont facility.

His supervisor, since September 1971, was William A. Hankins, Chief Airway Facilities Division, located in Denver.

At the trial, Hankins, who retired in 1978, was called as a witness by defendants. From his testimony, the Court finds that shortly after he became Chief in September 1971, he was not pleased with plaintiff's performance as Sector Manager; he considered plaintiff's performance as marginal; he was displeased with plaintiff's off duty activities, including the buying and selling of used cars and that in general, he was not happy with the plaintiff as a Sector Manager.

Nevertheless, no steps or actions were taken by Hankins to reassign plaintiff or otherwise replace him until June 1975.

On June 27, 1975, Hankins demoted plaintiff from his then present grade of 15 to Grade 14 and reassigned him to the position of Assistant Sector Manager in the "Denver Hub" located in Aurora, citing two reasons for this action. (Exhibit 1)

The first reason: "Mismanagement of personnel and failure to take effective timely corrective action."

More specifically, Hankins charged that one Farthing, Assistant Sector Manager and his secretary, were having an extra-marital affair and that this was well known to the personnel in Longmont. Hankins charged that this resulted in preferential treatment by Farthing to his secretary; caused an adverse impact upon the operation of the Sector, and that plaintiff took no effective action to correct the problem.

Second reason: "Mismanagement of fiscal resources."

More specifically, Hankins charged that plaintiff improperly approved per diem expenses for four employees who attended a meeting at Cheyenne, Wyoming, in April, 1974 (See Exhibit 1).

Plaintiff appealed the demotion and reassignment to the Federal Employee Appeals Authority (Authority).

After holding hearings, the Authority in its decision, rendered December 19, 1975, made detailed findings of fact, and concluded that the evidence did not support either of the two charges and ordered:

"The Federal Aviation Administration, Rocky Mountain Region, Denver, Colorado, is hereby directed to cancel the Standard Form 50, Modification of Personnel Action, which effected the appellant's demotion and reassignment effective August 17, 1975." (Exhibit A)

On January 20, 1976, the FAA requested the Appeals Board of the United States Civil Service Commission (Appeals Board) to reopen the case and reconsider the decision and order of the Authority. (Exhibit B).

On March 11, 1976, the Appeals Board denied the request stating in pertinent parts:

"Turning now to the merits of the agency's request to reopen, it is noted that the

Field Office decision reversed the agency's action in demoting and reassigning Mr. Eggers, sustaining neither of the two charges supporting the demotion .... The agency request and supporting argument deal with the contention that the Field Office decision involves an erroneous interpretation of law and a misapplication of established policy.

"Upon careful review of your request, the Board has determined that your submissions have not tended to establish that the previous decision of the Appeals Officer involved an erroneous interpretation of law or regulation, or a misapplication of established policy." (See Attachment C to defendant's brief in support of motion for summary judgment.)

On March 19, 1976, the FAA entered a "Certification of Personnel Action" (Exhibit D) which defendants contend cancelled the plaintiff's grade demotion and the 1975 assignment of plaintiff to Aurora.

The cancellation of the 1975 assignment left in effect the 1970 assignment of the plaintiff to the position of Sector Manager at Longmont, Colorado.

However, the plaintiff was not permitted to resume his position as Sector Manager at Longmont and after the cancellation of the 1975 assignment, Hankins took actions designed to prevent plaintiff's return to his former position.

On March 22, 1976, three days after the cancellation of the 1975 demotion, Hankins notified Eggers that the Sector Manager position at Longmont, Colorado, "is not presently vacant", but there is a proposed vacancy in the position of Sector Manager at Great Falls, Montana, and that he (Hankins) proposed to reassign him to that position effective June 6, 1976, and solicited Eggers' desires concerning this reassignment. (Exhibit J).

On March 23, 1976, Hankins assigned plaintiff as Special Assistant to the Branch Chief at Aurora, Colorado. (See Attachment H to the defendant's brief in support of motion for summary judgment).

The plaintiff, by letter of April 5, 1976, (Exhibit K) accepted the Great Falls assignment under protest. He pointed out that the applicable rules provide for the discharge of an employee who refuses a proposed assignment to Great Falls. The plaintiff insisted that he was entitled to reinstatement to his former position at the Longmont facility and stated his reasons therefor.

The plaintiff also called to Hankins' attention the provision of the Handbook that placement assignments not be arbitrary, capricious or unreasonable. Hankins did not respond.

The defendants produced no evidence of any reason why the plaintiff was not reinstated in his former position as Sector Manager at Longmont other than that the vacancy in that position caused by plaintiff's reassignment to Aurora in 1975 had been filled.

The evidence shows no reason why the Sector Manager at Longmont who succeeded the plaintiff could not have been reassigned as Sector Manager at Great Falls, Montana, and the plaintiff reinstated in his former position at Longmont.

The evidence discloses no reason why the Sector Manager at Longmont could not have been assigned to Aurora to replace the plaintiff thereby enabling the plaintiff to resume his position as Sector Manager at Longmont.

From a totality of the evidence, the Court finds that Hankins' actions in 1976 were taken with the sole purpose of attempting to nullify the effect of the Authority's order to cancel the 1975 reassignment of plaintiff from Longmont to Aurora.

The Court further finds that Hankins' actions in 1976 were actuated by Hankins' personal animosity toward plaintiff and his disappointment that the Authority exonerated plaintiff of the charges which Hankins had made against the plaintiff.

The Court further finds that the actions taken by Hankins in 1976 were not based on sound management considerations and were arbitrary, capricious and unreasonable.

## CONCLUSIONS OF LAW

Upon the facts as found by the Court, the Court concludes as a matter of law that the plaintiff is entitled to judgment requiring the defendants to reinstate plaintiff to the position of Sector Manager at the FAA facility in Longmont, Colorado.